UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Civil Action No. 3:23-cv-00103-LLK

**WILLIAM G.**                                                                                         **PLAINTIFF**

**v.**

**MARTIN O'MALLEY, Commissioner of Social Security**                  **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claims for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. [Doc. 1]. Plaintiff's brief in support of judicial review is at Doc. 13, the Commissioner's response in opposition is at Doc. 18, and Plaintiff's reply is at Doc. 19. The parties have consented to the jurisdiction of the Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 9]. The Court reassigned this case to the undersigned Magistrate Judge pursuant to Local Rule 40.1(b). [Doc. 22].

Because Plaintiff's first of three arguments is persuasive and the Administrative Law Judge's (ALJ's) decision is not supported by substantial evidence and is not in accord with applicable legal standards, the Court will REMAND this matter to the Commissioner for a new decision.

### The ALJ's decision

On April 5, 2022, the ALJ issued the Commissioner's final decision denying Plaintiff's claim for disability insurance benefits (DIB) claim under Title II of the Social Security Act. [Administrative Record, Doc. 8 at 16-27]. The ALJ found that Plaintiff was not disabled from November 15, 2015, when he alleges that he became disabled, through September 30, 2019, the date Plaintiff was last insured for DIB. *Id.*

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that, during the relevant period between November 15, 2015, and September 30, 2019, Plaintiff did not engage in substantial gainful activity. *Id.* at 18.

Second, the ALJ found that Plaintiff had the following severe, or vocationally significant, impairments: osteoarthritis of the shoulders, knees (status post knee surgery), and ankles; pseudotumor cerebri; obstructive sleep apnea; degenerative disc disease of the spine status post surgery; fibromyalgia; obesity and chronic pain. *Id.*

Third, the ALJ found that Plaintiff had no impairment satisfying the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 20.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding his physical impairments, Plaintiff can:

> … perform light work as defined in 20 CFR 404.1567(b) in that he can occasionally lift and carry 20 pounds, 10 pounds frequently, stand and walk for 6 hours of an 8 hour workday, sit for 6 hours of an 8 hour workday … can frequently climb ramps/stairs/ladders/ropes/scaffolds, stoop, kneel, crouch and crawl … must avoid concentrated exposure to vibrations and hazardous moving machinery and unprotected heights.

*Id.*

Fourth, the ALJ found that Plaintiff was "capable of performing past relevant work as a nurse instructor and case manager." *Id.* at 26.

The ALJ did not reach the fifth and final step of the sequential evaluation process.

**Legal Standards**

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation omitted). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of

2

credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citation omitted).

The substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the ALJ's decision. *Id.* If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id.*

**A remand is required for the reasons discussed in *Kohne v. Commissioner*.**

First, Plaintiff argues that the "ALJ's step 4 finding is contrary to law because he included no mental limitations in his RFC finding; more specifically, the ALJ failed to provide analysis to explain why such limitations were excluded." [Doc. 13 at PageID.2483]. For the reasons below, the argument is persuasive.

At Steps 2 and 3 of the sequential evaluation process, the ALJ found that, during the relevant period from November 15, 2015, through September 30, 2019, Plaintiff had no severe mental impairment and no mental impairment satisfying the Listing. [Doc. 8 at 19-20]. In so finding, the Plaintiff found that Plaintiff has only "mild" limitation in the four so-called B criteria, i.e., abilities to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and manage oneself. *Id.*; *see* 404.1520a(d)(1) ("If we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities (*see* § 404.1522)."). *Id.*

The ALJ found, at Step 4, that Plaintiff is not disabled because, he was "capable of performing past relevant work as a nurse instructor and case manager." *Id.* at 26. The vocational expert (VE) described

3

that work as "skilled," with a specific vocational preparation (SVP) of 7 or 8.[1]  *Id.* at 65.  According to Plaintiff, if unable to perform past relevant work, an ultimate finding of "disability" is directed by Rule 202.06 of Appendix 2 of the regulations.[2]

In *Kohne v. Comm'r*, 2023 WL 5220853 (E.D. Ky. Aug. 14, 2023), like the present case, the ALJ found "mild" limitation in the B criteria, no mental limitation in the RFC finding, and lack of disability due to ability to perform past relevant work.  Kohne's past relevant work was that of ophthalmic technician, which the DOT describes as skilled work and the district court described as a "public-facing position."  The district court remanded the matter to the Commissioner for a new decision explaining how Kohne's "mild" mental limitations did not preclude performance of past relevant work:

> The ALJ did not include any mental limitations in the RFC. He discussed them at step two of his analysis, finding that Kohne had only mild limitation in each of the four broad areas of mental functioning set out in the disability regulations (the "Paragraph B" criteria) and, therefore, his mental impairments were not severe. [Tr. 16-18] The Paragraph B criteria do not constitute an RFC assessment. *Taylor v. Colvin*, 2016 WL 760399, at *13 (N.D. Ohio Feb. 26, 2016) (citing SSR 96-8p, 1996 WL 374184 at *4). Instead, they are part of a threshold inquiry to determine whether a claimant has a "severe" mental impairment and are not intended to supplant an RFC determination. *Richardson v. Saul*, 511 F. Supp. 3d 791, 799 (E.D. Ky. 2021). The ALJ is required to consider the effects of both severe and non-severe impairments in determining the RFC and must analyze a claimant's "mild" restrictions in determining the RFC. *Id.* (citing SSR 96-8p, 1996 WL 374184 at *4).
> …
> How did the ALJ arrive at an RFC that included zero mental limitations? Even when the ALJ's opinion is read as a whole, the Court is left to speculate. *See Sell v. Kijakazi*, 2022 WL 4479932, *2-3 (N.D. Ohio Sept. 27, 2022).[3] Perhaps the ALJ rationally believed Kohne's mild mental limitations had no impact on his ability to work. But the lack of explanation requires remand because it prevents the undersigned from conducting a meaningful review to determine whether substantial evidence supports the decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).

---

[1] "SVP" stands for "Specific Vocational Preparation" and is defined by the Dictionary of Occupational Titles (DOT) as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."  DOT, App. C, § II.  The DOT assigns an SVP for each occupation, on a scale of SVP-1 through SVP-9.  *Id.*  SVP 7 means "over 2 years up to and including 4 years."  *Id.*  SVP 8 means "over 4 years up to an including 10 years."  *Id.*
[2] Grid Rule 202.06 contemplates an individual who has a maximum sustained work capability limited to light work, is of advanced age, is a high school graduate or more (does not provide for direct entry into skilled work), and with previous work experience that was skilled or semiskilled (skills not transferable).
[3] Plaintiff repeatedly cites *Sell* in support of his argument.  [Doc. 13].

> The ALJ's lack of explanation is particularly troubling in light of the finding that Kohne is capable of performing his previous job of ophthalmic technician, even as generally performed. This position involves testing and measuring patients' eye function, applying medication to patients' eyes, and giving instructions to patients concerning eye care. *See* DOT 078.361-038. Certainly, limitations on a worker's ability to tolerate stress, interact effectively with others, and respond to work pressures would be relevant to such a public-facing position. Accordingly, this matter will be remanded for further consideration.

*Kohne*, 2023 WL 5220853, at *4-5.

Similarly, in *Sell v. Comm'r*, 2022 WL 2610531, at *16 (N.D. Ohio Jan. 6, 2022), the district court remanded for a new decision because the "ALJ's decision failed to build an accurate and logical bridge between the ALJ's finding that Sell's anxiety and depression caused her to have mild mental functioning limitations and the ALJ's RFC, which included no mental health impairment limitations."

The facts of the present case are not meaningfully distinguishable from those of *Kohne*. Just as an ophthalmic technician is a public-facing, skilled job that makes it debatable (absent discussion by the ALJ) whether such job can be performed by a person with even "mild" mental limitations, it is unclear whether Plaintiff's "mild" mental limitations preclude performance of his highly-skilled past relevant work as a nurse instructor and case manager. The ALJ's decision failed to build an accurate and logical bridge between the ALJ's finding that Plaintiff's depression caused him to have mild mental functioning limitations and the ALJ's RFC, which included no mental health impairment limitations.

### *Wardlow v. Commissioner* is distinguishable.

The Commissioner argues that Plaintiff's first argument is unpersuasive in light of *Wardlow v. Comm'r*, No. 3:20-cv-00828-RSE, 2022 WL 1748607 (W.D. Ky. May 31, 2022), wherein this Court held that the ALJ "was not required to include any mental limitations in Wardlow's RFC determination solely because he previously found she had mild limitations in certain areas of Paragraph B functioning." [Doc. 18].

*Wardlow* is meaningfully distinguishable from the present case in three ways.

5

First, whereas the ALJ in the present case did not consider whether Plaintiff's mild mental limitations would preclude his highly skilled past relevant work, in *Wardlow*, the ALJ "specifically indicates he considered Wardlow's mild limitations under the 'paragraph B' criteria in forming his RFC determination." *Wardlow*, 2022 WL 1748607, at *6.

Second, it was of critical importance to the ALJ's denial decision that Plaintiff could perform past relevant work. As indicated above, if unable to perform past relevant work, an ultimate finding of "disability" would have been directed by Rule 202.06 of Appendix 2 of the regulations. Wardlow, in contrast, was a younger individual capable of work at all exertional levels. The ALJ found that Wardlow could perform past relevant work and alternatively could perform a significant number of other jobs in the national economy.

Third, whereas the ALJ found that Plaintiff retains the ability to perform highly skilled work as a nurse instructor and case manager, the ALJ found that Wardlow retains the ability to perform relatively unskilled work as a factory clerk, hotel clerk, hand packer, and self-service gas station cashier. The possibility that even "mild" mental limitation may interfere with the ability to perform past relevant work is much more pronounced when that work was highly skilled.

**Plaintiff's remaining arguments are unpersuasive.**

Second, Plaintiff argues that the "ALJ erred in failing to include any RFC limitations related to Plaintiff's bowel incontinence." [Doc. 13 at PageID.2491].

Medical records repeatedly state that Plaintiff "doesn't actually have incontinence" if he is "near a restroom." [Doc. 8 at 821, 900, 1123]. At the administrative hearing in March 2022, Plaintiff explained that "I do not know that I'm going to have a bowel movement until I begin to do so." *Id.* at 44. The ALJ found that, prior to September 2019 (when Plaintiff's insured status expired), the "record fails to show … bowel incontinence … more than minimally affect[s] functioning." *Id.* at 19.

Plaintiff's second argument is unpersuasive because the ALJ found that, prior to September 2019, Plaintiff was "capable of performing past relevant work as a nurse instructor and case manager." *Id.* at 26. Plaintiff neither alleges nor shows that work lacked a nearby restroom.

Third, Plaintiff argues that the ALJ's "'credibility' assessment is deficient generally based on the foregoing errors, but also specially because it neglects to consider Plaintiff's stellar work history," including 35 years of earnings plus 20 years of military service. [Doc. 13 at PageID.2493].

Plaintiff's third argument is unpersuasive because, although ALJs must consider information about a claimant's prior work record when determining the severity of symptoms (*see* 20 C.F.R. § 404.1529(c)(3)), "there is a distinction between what an ALJ must consider and what an ALJ must cite to in a written decision." *Shelley S. v. Comm'r*, 2023 WL 6307643, at *8 (S.D. Ohio Sept. 28, 2023). Moreover, the Sixth Circuit has held that ALJs are "not required to explicitly discuss [a claimant's] work history when assessing his credibility." *Dutkiewicz v. Comm'r*, 663 F. App'x 430, 433 (6th Cir. 2016).

### Order

Because Plaintiff's first of three arguments is persuasive and the Administrative Law Judge's (ALJ's) decision is not supported by substantial evidence and is not in accord with applicable legal standards, the Court hereby REMANDS this matter to the Commissioner for a new decision.

March 15, 2024

Lanny King, Magistrate Judge
United States District Court