UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Civil Action No. 3:23-cv-00103-LLK

WILLIAM G.                                                                                                                  PLAINTIFF

v.

MARTIN O'MALLEY, Commissioner of Social Security                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court is Plaintiff's motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, to which the Commissioner responded in opposition, and Plaintiff replied. [Doc. 25, 26, 29]. Because "the position of the United States was substantially justified," 28 U.S.C. § 2412(d)(1)(A), the Court will deny Plaintiff's motion [Doc. 25].

**Discussion**

In *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723 6th Cir. 2014), the district court remanded the case to the Commissioner for a new decision under the rule that required that "[w]e [i.e., the Commissioner] will always give good reasons in our notice of determination or decision for the weight we give your [i.e., the claimant's] treating source's medical opinion," 20 C.F.R. § 404.1527(c)(2). The district court did not indicate that the weight the Commissioner gave to the treating source's medical opinion was not supported by substantial evidence, only that the Commissioner failed to "give good reasons" – a procedural "failure to explain" error.

Following remand, DeLong moved for an EAJA fee. The district court denied the motion because the Commissioner's position was "substantially justified," 28 U.S.C. § 2412(d)(1)(A), and the Sixth Circuit affirmed:

> [R]emand on procedural grounds may result in yet another denial of benefits, and we might well sustain such a denial on appeal. Accordingly, we hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification. A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position. Thus, although remand on any ground

1

theoretically may support an award of fees under the EAJA, such an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification. *Cf. Thouvenot*, 596 F.3d at 387. So it is here.

*DeLong*, 748 F.3d at 727.

In *Michael S. v. Comm'r*, No. 22-11735, 2024 WL 1694808 (E.D. Mich. Feb. 16, 2024), the district court remanded for a new decision under the rule that requires that "[w]e will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' … when we assess your residual functional capacity," 20 C.F.R. § 404.1545(a)(2).

Following remand, Michael S. moved for an EAJA fee. The district court denied the motion on the strength of *DeLong*:

> The problem with the ALJ's decision was the lack of explanation about how the RFC accommodates Plaintiff's mental impairments or that the mental impairments did not require accommodation in the RFC. This is an "articulation error" that is a procedural rather than substantive error. *DeLong*, 748 F.3d at 727; *see also Battaglia v. Comm'r of Soc. Sec.*, 2023 WL 6540946, at *2 (N.D. Ohio Oct. 6, 2023) (collecting cases). The Court did not state or suggest that the decision not to include mental limitations in the RFC lacked substantial evidence. Rather, the "fatal flaw" was the failure to explain the RFC adequately. Notably, Plaintiff did not argue that he was disabled by his mental impairments; he argued that the ALJ did not properly explain how he considered the mental impairments in crafting the RFC. Because the problem with the ALJ's decision was a lack of explanation, the Court cannot say that the decision lacked substantial justification. *See DeLong*, 748 F.3d at 727 ("an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification. A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position.").

*Michael S.*, 2024 WL 1694808.

In the present case, as in *Michael S.*, the remand was due to a procedural articulation error under 20 C.F.R. § 404.1545(a)(2). For the above reasons stated in *Michael S.*, the Commissioner's position was "substantially justified," 28 U.S.C. § 2412(d)(1)(A).

The Court disagrees with Plaintiff's suggestion that the error in this case was "obviously harmful" because "**even a little bit** of mental impairment **seriously** affects a claimant's ability to perform skilled jobs." [Doc. 29 at PageID.2566-67] *(emphasis original)*. While even a little bit of mental impairment **may**

seriously affect ability to perform skilled jobs, that is not always the case. On remand, the Commissioner may explore the vocational impact of Plaintiff's "mild" mental limitations upon his ability to perform past relevant work as a nurse instructor and case manager and discover that there is no significant impact. In other words, the error in this case may prove to be harmless.

**Order**

Because "the position of the United States was substantially justified," 28 U.S.C. § 2412(d)(1)(A), Plaintiff's motion for attorney fees under the Equal Access to Justice Act (EAJA) [Doc. 25] is hereby DENIED.

July 24, 2024

Lanny King, Magistrate Judge
United States District Court